

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00367-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Gabriela **ROCHA**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI19451
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

REVERSED AND RENDERED

Gabriela Rocha ("Rocha") sued the City of San Antonio for damages after she was involved in a motor vehicle collision with a City-owned police vehicle. The City filed a plea to the jurisdiction asserting it was immune from the suit because, among other things, Rocha had failed to provide the City with timely notice of her claims. The trial court denied the City's plea to the jurisdiction and the City appealed. We conclude the trial court erred in denying the City's plea to the jurisdiction and, therefore, we reverse and render judgment granting the City's plea to the jurisdiction and dismissing Rocha's suit for lack of jurisdiction.

## BACKGROUND

On October 10, 2017, Rocha filed a negligence suit against the City. In her petition, Rocha alleged that, on or about October 11, 2015, the motor vehicle she was driving was struck by a City-owned police vehicle, and that the police officer involved in the collision was driving in violation of local ordinances and state law. The petition further alleged that Rocha suffered both personal injury and property damage in the collision. Although Rocha's petition did not allege that the City received timely formal notice of her claims, it did allege the City had actual notice of her claims.

The City filed an answer denying the allegations in Rocha's petition. The City also filed a plea to the jurisdiction, asserting the trial court lacked subject-matter jurisdiction over the suit because the City had not received formal or actual notice of Rocha's claims as required by statute.[1] The City supported its plea to the jurisdiction with evidence, including an affidavit from a claims manager from the City's office of risk management and a crash report prepared by the police officer who investigated the collision.

Rocha filed two responses to the plea to the jurisdiction accompanied by evidence. Rocha's evidence included an affidavit from her lawyer stating he had sent a letter to the City advising it of Rocha's claims just weeks after the collision occurred. The trial court denied the City's plea to the jurisdiction. The City initiated this appeal.

## NOTICE REQUIREMENTS

Governmental entities are generally immune from suits for damages absent a waiver of immunity. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010). In a suit against a governmental entity, the plaintiff has the burden to affirmatively

---

[1]The City's plea to the jurisdiction also asserted that governmental immunity was not waived because (1) at the time of the collision the officer was responding to an emergency and Rocha failed to show that he operated the police vehicle in a reckless manner, and (2) the officer was entitled to good faith immunity.

demonstrate the trial court's jurisdiction by asserting a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine if the plaintiff has met this burden, courts consider the facts alleged by the plaintiff and, if relevant to the jurisdictional issue, the evidence submitted by the parties. *See id*.

The Texas Tort Claims Act (TTCA) waives immunity from suit for negligent acts in certain circumstances, including property damage and personal injury arising from the operation or use of a motor-driven vehicle. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. To take advantage of this waiver, the plaintiff is required to abide by the notice requirements set out in section 101.101 of the Texas Civil Practice and Remedies Code. Under subsection 101.101(a), the plaintiff must notify the governmental unit of the negligent act not later than six months after the day that the incident giving rise to the claim occurred. *Id*. § 101.101(a). Subsection 101.101(b) ratifies and approves a city's charter and ordinance provisions requiring notice within a charter period permitted by law. *Id*. § 101.101(b). The city charter applicable in this case, the San Antonio City Charter, requires the plaintiff to give the City written notice of any claim for injuries or damages within ninety days after the injuries or damages are sustained. *See* SAN ANTONIO, TEX., CITY CHARTER, art. XII, § 150. However, the formal notice requirements set out in subsections 101.101(a) and (b) do not apply "if the governmental unit has actual notice" "that the claimant has received some injury, or that the claimant's property has been damaged." *Id.* § 101.101(c).

The purpose of section 101.101's notice requirements is to ensure the prompt reporting of claims to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). "The notice required by section 101.101 is jurisdictional and is a condition of the Act's waiver of immunity from suit." *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 393 (Tex. App.—San Antonio 2017, no pet.); *see* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit,

including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Thus, in the absence of timely notice of a claim, a governmental unit retains its immunity from suit. *Cervantes*, 521 S.W.3d at 393-94 (citing *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010)).

### PLEA TO THE JURISDICTION

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be raised in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). A plaintiff bears the burden of affirmatively demonstrating a trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012); *Cervantes*, 521 S.W.3d at 394.

"[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Miranda*, 133 S.W.3d at 227. This standard generally mirrors the standard employed in evaluating summary judgments. *Id*. at 228. A jurisdictional issue implicates the merits of a case when the determination of many, if not most, of the challenged jurisdictional facts will also determine whether the plaintiff is entitled to relief on the merits. *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009, no pet.).

When the jurisdictional issue does not substantially implicate the merits of the case, and the jurisdictional facts are disputed, the trial court makes the findings necessary to resolve the jurisdictional issue. *See Miranda*, 133 S.W.3d at 226; *Cervantes*, 521 S.W.3d at 394; *Poindexter*, 306 S.W.3d at 806. Stated another way, "[w]hen a jurisdictional issue is not intertwined with the merits of the claims . . . disputed fact issues are resolved by the court, not the jury." *Vernco Constr.,*

*Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015). When the jurisdictional issue does not substantially implicate the merits of the case, and the jurisdictional facts are undisputed, the trial court makes the jurisdictional determination as a matter of law based solely on the undisputed facts. *Poindexter*, 306 S.W.3d at 806.

## DISCUSSION

On appeal, the City argues the trial court erred in denying its plea to the jurisdiction because the jurisdictional evidence establishes that section 101.101's notice requirements were not satisfied and, therefore, the trial court lacked subject-matter jurisdiction over Rocha's claims.

Whether the trial court had subject-matter jurisdiction over Rocha's claims is a question of law that we review de novo. *See Miranda*, 133 S.W.3d at 226; *Cervantes*, 521 S.W.3d at 394. The jurisdictional issue presented in this case, whether the City received timely formal or had actual notice of Rocha's claims, did not involve a significant inquiry into the merits of the lawsuit. *See Cervantes*, 521 S.W.3d at 394 (concluding that "whether the City received timely formal notice or had actual notice that [the plaintiff] received some injury in the accident" did "not involve any significant inquiry into the merits of the lawsuit."). Under these circumstances, the trial court was required to consider the evidence submitted by the parties and then resolve the jurisdictional issue on the basis of the facts it found or those that were undisputed. *See id*. Furthermore, as will be shown below, the relevant jurisdictional facts were undisputed here. Therefore, the trial court was required to make its jurisdictional determination as a matter of law based solely on the undisputed facts. *See id.*; *Poindexter*, 306 S.W.3d at 806.

We begin our analysis by analyzing the jurisdictional evidence as it relates to section 101.101's formal notice requirements.

*Formal Notice*

The jurisdictional evidence submitted by the City included an affidavit from a claims manager in the City's risk management office, Arnoldo Garcia, Jr. In his affidavit, Garcia testified that he had searched the city's database and had found two claim notices involving the collision in this case. The first notice was a property damage claim filed by Bristol West Insurance as subrogee for George Rocha, which the City received on March 1, 2016. The second notice was Rocha's original petition, which the City received on October 10, 2017. Garcia further testified that prior to October 10, 2017, the City had received no notice of any personal injury sustained by Rocha.

The collision occurred on October 11, 2015. Under the city charter, the City was entitled to receive formal written notice of Rocha's claims within ninety days of the collision, which was January 9, 2016. *See* SAN ANTONIO, TEX., CITY CHARTER, art. XII, § 150. The evidence shows the City received Bristol West's notice on March 1, 2016, and Rocha's petition on October 10, 2017. Neither Bristol West's notice nor Rocha's petition were received by the City within ninety days of the collision, and therefore, they cannot satisfy the formal notice requirement because they were untimely. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(b). Additionally, Bristol West's notice was not submitted by or on behalf of Gabriela Rocha; it was submitted by Bristol West as subrogee for George Rocha.

We recognize that the jurisdictional evidence includes an affidavit from Rocha's lawyer, Oscar Cantu. In this affidavit, Cantu testified that he "sent" the City a document informing it of Rocha's claims "at the start of this case in October of 2015." However, the fact that Cantu *sent* the notice to the City is irrelevant. "According to the plain language of the TTCA, it is the date that the City receives notice—not when the claimant sends notice—that is controlling." *See Adams v. City of Dallas*, No. 05-14-01143-CV, 2015 WL 7280893, at *2 (Tex. App.—Dallas 2015, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) ("A governmental unit is entitled to receive

notice of a claim against it . . . ."). Significantly, Cantu did not testify that the City received the notice. *See Needham Fire & Rescue Co. v. Balderas*, No. 14-16-00211-CV, 2017 WL 1416219, at *3, *5 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (concluding that claimant's affidavit stating that notice was mailed to the governmental entity was "no evidence" that notice was received by the governmental entity, and thus, governmental entity's affidavit stating that it never received formal notice was undisputed). In fact, nothing in the jurisdictional evidence shows the City ever *received* timely formal notice of Rocha's claims.

We conclude the jurisdictional evidence establishes, as a matter of law, that Rocha failed to comply with section 101.101's formal notice requirements. *See id*. We, therefore, conclude the City did not receive formal notice of Rocha's claims as required by law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a),(b).

### *Actual Notice*

A governmental entity has actual notice of a claim when it has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Cathey*, 900 S.W.2d at 341. "To have actual notice, a governmental unit must have the same knowledge it is entitled to receive under the written notice provisions of the TTCA." *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018). Actual notice is a fact question when the evidence is disputed; however, when the facts are undisputed, actual notice can be determined as a matter of law. *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004).

Rocha's main argument on appeal is that the City "was placed on reasonable notice by the investigation and facts of the collision collected and researched on the day of the actual event." However, "[m]ere notice that an incident has occurred does not establish actual notice for purposes of the [TTCA], nor may a governmental unit acquire actual notice merely by conducting an

investigation." *San Antonio Water Sys. v. Smith*, 451 S.W.3d 442, 451 (Tex. App.—San Antonio 2014, no pet.); *accord Simons*, 140 S.W.3d at 347-48.

To establish knowledge of an injury, it is not necessary that the governmental entity be absolutely certain of the nature and extent of the injury. *Cervantes*, 521 S.W.3d at 396. "Knowledge" requires "actual, subjective awareness" of some injury. *Id*. (citing *Simons*, 140 S.W.3d at 348). Subjective awareness may be proved, if at all, by circumstantial evidence. *Simons*, 140 S.W.3d at 348. Additionally, knowledge can be imputed to a governmental entity by an agent or representative who has a duty to gather facts and investigate. *Smith*, 451 S.W.3d at 451.

We first examine the record for any evidence that the City had knowledge of Rocha's alleged personal injury. The jurisdictional evidence shows the collision was investigated by San Antonio Police Department Lieutenant Ricky Lopez. Lopez prepared a "Texas Peace Officer's Crash Report" and an affidavit, both of which were submitted in support of the City's plea to the jurisdiction. The crash report states: "There were no injuries in this crash." Additionally, Lopez's affidavit states that he contacted Rocha during his investigation, and she did not appear to be injured, nor did she state that she was injured. Additionally, the police officer driving the police vehicle involved in the collision, David Higgins, submitted an affidavit in which he testified that, after the collision, he asked Rocha several times if she was "okay or if she needed EMS" and "she declined." Higgins further testified that Rocha "said she was okay. She did not state nor did she appear to be injured." After examining the record, we conclude it fails to show the City had knowledge of any personal injury to Rocha. *See Cervantes*, 521 S.W.3d at 396-97 (concluding no evidence existed that governmental entity had actual notice of injury when plaintiff said he was "okay" at the accident scene and did not make the governmental entity aware he had received some injury within six months of the accident).

We next examine the record for any evidence that the City had knowledge of any damage to Rocha's property. The crash report states that, in in the investigating officer's opinion, the crash resulted in "at least $1000 damage to any one person's property." However, the crash report identifies George Tovar Rocha as the owner of the vehicle involved in the collision; it does not identify Gabriela Rocha as the vehicle's owner. Thus, the jurisdictional evidence fails to show that the City had knowledge that Rocha's property was damaged.

In sum, nothing in the jurisdictional evidence shows the City had knowledge that Rocha suffered any personal injury or any property damage. *See Cathey*, 900 S.W.2d at 341. We, therefore, conclude the jurisdictional evidence establishes, as a matter of law, that the City did not have actual notice of Rocha's claims as contemplated by section 101.101(c). *See id*.

## CONCLUSION

The jurisdictional evidence establishes that the City did not have notice of Rocha's claims until it was served with her original petition almost two years after the collision. Because the undisputed jurisdictional evidence establishes that Rocha did not comply with the notice requirements set out in section 101.101 of the Texas Civil Practice and Remedies Code, the trial court erred in denying the City's plea to the jurisdiction. Therefore, we reverse the trial court's order denying the plea to the jurisdiction. We render judgment granting the City's plea to the jurisdiction and dismissing Rocha's suit for lack of subject-matter jurisdiction.

Karen Angelini, Justice