**CITY OF SAN ANTONIO, Appellant**

v.

**Charles CERVANTES, Appellee**

**No. 04-16-00569-CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: February 22, 2017

Shawn Kevin Fitzpatrick, Fitzpatrick & Kosanovich, P.C., P.O. Box 831121, San Antonio, TX 78283-1121, William Logan Lewis, City of San Antonio, Frost Bank Tower, 100 W. Houston St. Ste 18th Floor, San Antonio, TX 78205, for Appellant.

Thomas D. Jones, Law Offices of Thomas D. Jones, P.C., The Parkview Building, 3510 N. St. Mary's St. Suite 103, San Antonio, TX 78212, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Rebeca C. Martinez, Justice, Luz Elena D. Chapa, Justice

## OPINION

Opinion by: Luz Elena D. Chapa, Justice

The City of San Antonio appeals the trial court's order denying its plea to the jurisdiction in a suit for personal injuries arising from an accident involving a City automobile. The City contends it is immune from the suit because appellee, Charles Cervantes, failed to give formal notice of his claim within six months of the accident, and the City did not have actual notice that Cervantes received some injury. We agree with the City and therefore reverse the trial court's order and render judgment dismissing Cervantes's suit for lack of subject matter jurisdiction.

### BACKGROUND

Cervantes filed suit against the City on March 2, 2015, seeking damages for personal injuries alleged to have been suffered in an automobile accident that occurred on March 5, 2013. The petition alleged that at the time of the accident, Cervantes worked for the Bexar County Sheriff's Office and was on duty and driving a county-owned vehicle in a private parking lot owned by the City. Cervantes alleged a City of San Antonio police officer, driving a city-owned vehicle, failed to yield the right of way and struck the car Cervantes was driving. Cervantes sued the City for the personal injuries allegedly caused by the police officer's negligence. The petition asserted the City had both formal and actual notice of the claim, as required by section 101.101 of the Texas Tort Claims Act. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2011).

The City filed a plea to the jurisdiction, asserting its governmental immunity from suit had not been waived because Cervantes failed to give the formal notice required by section 101.101(a) of the Texas Civil Practice and Remedies Code and the City did not have actual notice Cervantes was injured. The trial court held a nonevidentiary hearing, and the issue was submitted to the trial court on the evidence attached to the plea and Cervantes's response. The trial court denied the plea, and the City filed this interlocutory appeal. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2016).

### WAIVER OF RIGHT TO APPEAL

██ As a preliminary matter, we must address Cervantes's contention that the City consented to the trial court's order because its attorney signed the order beneath the notation "Approved as to form and substance." Cervantes contends the City thus agreed the plea to the jurisdiction was correctly denied and waived its right to appeal the order.

██ A party generally may not attack a judgment to which it has agreed. *Oryx Energy Co. v. Union Nat'l Bank of Tex.*, 895 S.W.2d 409, 416 (Tex. App.—San Antonio 1995, writ denied). However, "[t]he phrase 'Approved as to Form and Substance', standing alone, is insufficient to establish a consent judgment." *Id.*; *Baw v. Baw*, 949 S.W.2d 764, 766-67 (Tex. App.—Dallas 1997, no pet.). In the absence of some indication in the record the case was settled or something in the body of the judgment indicating it was rendered by consent, that phrase above a signature on the form of judgment "is too indefinite to justify declaring as a matter of law that the judgment was a consent judgment" and that the right of appeal has been voluntarily relinquished. *First Am. Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364

(Tex. App.—Corpus Christi 1992, writ denied); *see Andrew Shebay & Co. v. Bishop*, 429 S.W.3d 644, 647-48 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding where record plainly indicated party disagreed with verdict and record contained no evidence of actual agreement between parties, party's submission of proposed judgment conforming to trial court's intended judgment and containing notation that party approved it as to both form and substance did not create consent judgment).

Here, the trial court's order was signed eleven days after a contested hearing on the City's plea to the jurisdiction. Nothing in the record or the body of the order suggests the City agreed it had received the statutorily required notice of Cervantes's claim or that it would forego its plea to the jurisdiction. Nevertheless, Cervantes contends that a series of emails attached as exhibits to his brief show substantive consent to the trial court's denial of the plea. In the emails between counsel, an attorney for the City requested that a clause in Cervantes's proposed order stating that the City's "plea is not well-taken" be removed from the order, but otherwise approved the order. The City's attorney did not agree that the plea to the jurisdiction was correctly denied. In fact, the email communications clearly reflect all counsel understood the City was taking an interlocutory appeal from the order.

It is evident from the record the trial court's order was not rendered by consent. We decline to unnecessarily elevate form over substance based on the inclusion or omission of "magic words." *See Oryx Energy*, 895 S.W.2d at 416. The City did not consent to the order and did not waive its right to appeal it.

## FAILURE TO DISCLOSE

Cervantes also asserts the City failed to adequately disclose "lack of notice" as a basis for its claim of immunity, in violation of Texas Rule of Civil Procedure 194.2(c), and argues we should therefore affirm the trial court's ruling. *See* TEX. R. CIV. P. 194.2(c). Cervantes refers to the City's original disclosures, in which it generally asserted it was relying on "the governmental defenses and immunities to which it is entitled." However, six months before filing the plea to the jurisdiction, the City amended its answer to plead Cervantes failed to give notice of his claim for personal injuries as required by section 101.101 of the Texas Civil Practice and Remedies Code. The City also specifically denied "that it had actual notice of [Cervantes's] claims that he sustained damages for personal injuries in the accident in question." And two months before the plea to the jurisdiction was filed, the City served amended disclosures, stating its contention that immunity had not been waived because Cervantes failed to give notice of his personal injury claim and the City did not have actual notice of his claim that he suffered damages for personal injuries in the accident. We therefore reject Cervantes's contention that the denial of the City's plea to the jurisdiction can be sustained due to inadequate disclosures.

## PLEA TO THE JURISDICTION

The Texas Tort Claims Act requires that a governmental unit obtain notice of a claim against it within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101. The notice required by section 101.101 is jurisdictional and is a condition of the Act's waiver of immunity from suit. TEX. GOV'T CODE ANN. § 311.034 (West 2013); *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010) (per curiam). If the City did not have timely notice of Cervantes's claim, the City retains its governmental

immunity from suit. *See Carbajal*, 324 S.W.3d at 537-38.

■ Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Cervantes's pleading alleged that both formal and actual notice were timely received by the City. The City's plea did not challenge the pleading, but challenged the existence of jurisdictional facts by asserting it did not receive formal notice or have actual notice that Cervantes claimed he was injured in the accident. The jurisdictional issue presented to the trial court—whether the City received timely formal notice or had actual notice that Cervantes received some injury in the accident—does not involve any significant inquiry into the merits of the lawsuit. "When a jurisdictional issue is not intertwined with the merits of the claims, which is the case here, disputed fact issues are resolved by the court, not the jury." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015); *see Miranda*, 133 S.W.3d at 226 (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997), for the proposition that "whether a district court has subject[-]matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case"); *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.). As the plaintiff, Cervantes bore the burden of establishing these jurisdictional facts. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Bray v. Fenves*, No. 06-15-00075-CV, 2016 WL 3083539, at *3 (Tex. App.—Texarkana Mar. 24, 2016, no

pet.) (mem. op.); *Poindexter*, 306 S.W.3d at 808; *see also Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 182 (Tex. App.—Austin 2013, no pet.). The trial court was required to consider the relevant evidence submitted by the parties and then resolve the jurisdictional issue on the basis of the facts it found or those that were undisputed. *See Vernco*, 460 S.W.3d at 149; *Miranda*, 133 S.W.3d at 226-27; *Poindexter*, 301 S.W.3d at 806. On review, we presume the trial court found the facts in a manner that supports its order. *Bray*, 2016 WL 3083539, at *3; *Bacon*, 411 S.W.3d at 182. Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Carbajal*, 324 S.W.3d at 538.

The statutory notice requirement is satisfied if the governmental unit receives formal notice within six months of the incident that "reasonably describe[s]: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). However, formal notice is not required "if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." *Id.* § 101.101(c). The Texas Supreme Court has construed the "actual notice" provision in § 101.101(c) to require the governmental unit have knowledge of the death, injury, or property damage, the governmental unit's fault, and the identity of the parties. *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995) (per curiam). "Knowledge" requires "actual, subjective awareness." *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004). "It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted"

that it might have been at fault in causing an injury. *Id.* at 347-48.

The trial court held a nonevidentiary hearing and considered the arguments and the evidence submitted in the City's plea to the jurisdiction and Cervantes's response. By denying the plea, the trial court impliedly found the City had timely received either formal or actual notice of Cervantes's claim.

### Formal notice

■ The City asserts it did not receive formal notice before March 2015, nearly two years after the accident. It submitted an affidavit of Arnoldo Garcia Jr., the claims manager in the risk management division of the City's finance department. Garcia testified one of his job duties is to review notices of claims received by the City and place them into a centralized, searchable database. He testified he conducted a search of the database for notices related to the accident that is the basis of this suit. He testified the database contained a notice dated March 20, 2013, making a claim on behalf of Bexar County for property damage to a Bexar County vehicle[1] and a letter received March 4, 2015, making a claim on behalf of Cervantes for personal injuries. He testified the City did not receive any formal notice before March 4, 2015, of a claim for either personal injury or property damage sustained by Cervantes.

Cervantes did not submit any evidence controverting the statements in Garcia's affidavit. Instead, Cervantes objected to the affidavit on the ground that, according to the affidavit, Garcia was not employed by the City for the entire period of time between the accident and the filing of the lawsuit and therefore did not have personal knowledge of what may have happened during that period. We disagree. Cervantes testified regarding the contents of the City's claims database, to which he has regular access. The affidavit adequately reflects the basis for Garcia's personal knowledge of the facts about which he testified. We conclude the City did not receive formal notice of Cervantes's personal injury claim within six months after the accident.

### Actual notice

■ The City contends the trial court erred in denying its plea to the jurisdiction because it also had no actual notice Cervantes received any injury. The evidence before the trial court included the Texas Peace Officer's Crash Report, the San Antonio Police Department Vehicle Accident Report and Loss Notice, and excerpts from the depositions of Cervantes and his supervisor.

Both of the reports, prepared at the time of the accident by San Antonio police department employees, state that there was damage to the Bexar County vehicle Cervantes was driving, but that no injuries were sustained. Lieutenant Raul Garza of the Bexar County Sheriff's Office was Cervantes's supervisor at the time of the accident. Lt. Garza testified he spoke to Cervantes on the telephone soon after the accident and Cervantes told him he was not injured. Lt. Garza testified he went to the scene of the accident, immediately checked with Cervantes to see if he was injured, and again, Cervantes told him he was not. Lt. Garza further testified that when he left the scene of the accident, he did not have any reason to believe Cervantes was hurt in any way based on what

---

1. According to Garcia, the County's claim for property damage was settled and closed in June 2013.

he had seen or from what Cervantes had told him. Finally, he testified he remained Cervantes's direct supervisor for at least nine months after the accident and Cervantes did not take any time off due to the accident. Lt. Garza also stated he saw Cervantes on a daily basis during that period, except on Cervantes's scheduled days off. During that time, Lt. Garza observed nothing that made him think Cervantes had been injured in the accident and Cervantes never stated he had been injured.

Cervantes's testimony revealed that he spoke to both a San Antonio police department supervisor and to his own supervisor at the accident scene. Cervantes testified the police department supervisor pulled him aside and asked if he was injured. Cervantes testified he responded, "Yeah, I'm kind of shaken up; but, I mean, I think I'm okay". Cervantes called his supervisor, who came to the scene and asked him if he was hurt. Cervantes testified he told his supervisor, "Man, I'm feeling kind of numb; but I'm all right, I guess." Cervantes denied affirmatively stating that he was not injured. Cervantes testified that it was hot, he was sweaty and "a little bit shaken up," and he wanted to leave. According to Cervantes, his supervisor then looked at the damage to the vehicles and spoke to the San Antonio police department supervisor.

There is no suggestion in the evidence before the trial court that Cervantes was visibly injured. Cervantes argues the City had actual notice he received some injury because he told the City supervisor that he was "kind of shaken up." Cervantes also contends it can be inferred that his super-

visor told the City supervisor that Cervantes was "feeling numb."

We decline to hold that a person who states he is feeling "shaken up" or "kind of numb," but thinks he is "all right" and "okay" has by those words given any notice that he has received some injury. Being "shaken up" or "numb" is a natural consequence of being in a vehicular accident and communicating that fact does not, alone, give notice that the person has been injured. Whereas, "I think I'm okay" communicates that the speaker does not believe he has suffered an injury. The City police department employees interpreted Cervantes's statements as meaning he did not believe he was injured, as evidenced by the notations of no injuries on the official reports.

Cervantes urges it is not required that the City be absolutely certain of the nature and extent of his injury. We agree; however, the City must have some subjective awareness that he in fact suffered some injury. *See Simons*, 140 S.W.3d at 347.[2] Cervantes also contends that actual notice is imputed because "the City could ascertain its potential liability stemming from the incident by either conducting further investigation ... or ... because of its obvious role in contributing to the incident." The Texas Supreme Court has expressly rejected this standard for actual notice, holding that such a broad interpretation would defeat the purpose of the notice provision. *Id.* at 346-47; *City of San Antonio v. Johnson*, 140 S.W.3d 350, 350-51 (Tex. 2004) (per curiam).

Cervantes affirmatively told his supervisor and the City's police department su-

---

**2.** Cervantes relies on *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854 (Tex. App.—Fort Worth 2010, pet. denied), in which the court held the city had sufficient notice even though the plaintiffs had no visible injuries at the scene of the accident and told the investigator

at the scene that they were not injured. However, in that case, an attorney for the plaintiffs sent a letter to the city five days after the accident, asserting an "injury claim" and stating the plaintiffs were receiving medical treatment for personal injuries. *Id.* at 859.

pervisor at the scene of the accident that he believed he "was okay," and the record contains no evidence that he made the City subjectively aware that he had received some injury within six months of the incident. We conclude there was no evidence before the trial court to support an implied finding that the City had actual notice that Cervantes received some injury in the accident.

Cervantes argues alternatively that the statutory notice requirement was satisfied because the City had actual and formal notice of property damage caused by the accident. He points out that section 101.101 is worded disjunctively, requiring formal notice of "the damage or injury claimed" or actual notice "that the claimant has received some injury[ ] or that the claimant's property has been damaged." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (c). He argues that the City's actual notice at the scene of damage to the county vehicle he was driving and Bexar County's formal written notice to the City about damage to its property were sufficient to satisfy the notice statute. We do not agree.

Section 101.101 states the governmental unit is entitled to receive notice of the *claim* against it. The claim against the City in this case is Cervantes's claim of personal injury. The *claimant* is Cervantes. As we held above, the City did not receive formal notice or have actual notice that Cervantes received any personal injury. And Cervantes has never asserted that any of his property was damaged. There is no reasonable construction of the notice statute under which notice of property damage suffered by one claimant is sufficient to give notice of personal injury sustained by a different claimant.

Finally, Cervantes contends that the plain meaning of the statute gives rise to an "absurd result" because "an injured person whose injuries manifest themselves long after the incident would be precluded from filing a rightful claim." Cervantes did not allege or present any evidence that his injuries did not manifest themselves until more than six months after the accident. We therefore need not address this argument.

We conclude the City did not receive formal notice or have actual notice of Cervantes's claim, and the trial court erred by denying the City's plea to the jurisdiction. We therefore reverse the trial court's order denying the plea and render judgment dismissing Cervantes's suit for lack of subject matter jurisdiction.