

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00467-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Pedro J. **ARCINIEGA**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-10713
Honorable Norma Gonzales, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:     Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: January 15, 2020

AFFIRMED

The City of San Antonio appeals the trial court's order denying its plea to the jurisdiction. The City contends the trial court erred by failing to apply the correct legal standard in ruling on the plea or, alternatively, the trial court erred in ruling before the parties completed offering evidence. We affirm the trial court's order.

### BACKGROUND

Pedro J. Arciniega sued the City alleging a claim for age discrimination after his employment was terminated effective August 2, 2013. Arciniega alleged in his petition that he

timely filed an administrative complaint with the Texas Workforce Commission ("TWC") on January 31, 2014.

The City filed a plea to the jurisdiction asserting Arciniega failed to timely file his administrative complaint with the Texas Workforce Commission within 180 days after the date he was terminated; therefore, his lawsuit was barred on jurisdictional grounds. Specifically, the City asserted Arciniega was terminated on August 2, 2013, but did not file his administrative claim with the TWC until 182 days later on January 31, 2014.

Arciniega filed a response to the plea asserting he did not receive the City's letter notifying him of the termination until, at the earliest, August 5, 2013. Arciniega further responded that he timely filed his administrative complaint within 180 days after he received the termination letter.

After Arciniega filed his response, the City filed a motion for bifurcated trial asserting the City's plea relies on evidence of jurisdictional facts which Arciniega controverted in his response. The City's motion also noted Arciniega argued in his response that the City's plea could not be granted if a fact issue was presented regarding the trial court's jurisdiction. The City's motion further noted, "If Plaintiff is correct, then issues of material fact concerning jurisdiction will have to be decided by the trier of jurisdictional facts." Accordingly, the City moved for a separate trial on the issue of jurisdiction. On December 19, 2018, the trial court signed an order denying the motion for bifurcated trial.[1]

On April 10, 2019, Arciniega filed a motion to dismiss the City's plea. Arciniega's motion asserted he had alleged in his petition that he timely filed his administrative complaint with the

---

[1] The Honorable Antonia Arteaga presided over the hearing on the motion for bifurcated trial and signed the order denying the motion.

TWC, and the City did not allege in its plea that his allegations were fraudulently made. On May 16, 2019, the trial court signed an order denying the motion to dismiss.[2]

On June 20, 2019, the trial court held a hearing on the City's plea.[3] During opening arguments, the City noted the issue raised in its plea was whether Arciniega timely filed his administrative complaint within 180 days of the date he was informed of his termination, and the trial court was being asked to determine the date Arciniega was informed. Arciniega's attorney responded an evidentiary hearing was not necessary because Arciniega's affidavit, which was attached to his response, raised a fact issue regarding the date he was notified of his termination, and a plea to the jurisdiction must be denied if a fact issue is raised. When the City's attorney asked if he could provide a brief rebuttal, the trial court stated it was "trying to look at the rules to see about why we're having an evidentiary hearing." The City's attorney responded the trial court was required to hear evidence and resolve fact issues regarding jurisdiction when the challenged jurisdictional facts are not intertwined with the merits of the case. In explaining the reason the challenged jurisdictional facts were not intertwined with the merits of the underlying case, the City's attorney asserted that even if the City stipulated Arciniega was terminated based on his age, which was the issue in or the "merits" of the underlying case, the date Arciniega was informed of the termination was a separate jurisdictional fact the trial court would still be required to resolve. The trial court ruled it was going to allow evidence.

The City called Claudia Lujan as its first witness. Lujan was the City's human resources administrator on the date Arciniega was terminated. Lujan testified Arciniega was given notice of his proposed termination on July 26, 2013, and a copy of the memo containing the notice was

---

[2] The Honorable Laura Salinas presided over the hearing on the motion to dismiss and signed the order denying the motion.

[3] The Honorable Norma Gonzales presided over the hearing and denied the City's plea.

admitted into evidence. Lujan testified Arciniega was placed on administrative leave after he received the notice of proposed termination. On August 2, 2013, Lujan testified she called Arciniega and informed him he was being terminated effective that day and that written notice would be mailed to him. Lujan stated the notice of final termination was mailed to Arciniega the same day, and Lujan identified her handwritten note at the bottom of the notice stating she spoke with Arciniega on August 2, 2013 at 9:41 a.m. and notified him "that the decision has been made to proceed with termination, formal document is forthcoming." Lujan testified Arciniega asked some follow-up questions about whether he was no longer employed to which Lujan responded he was terminated effective immediately. Arciniega's attorney cross-examined Lujan about various policies and rules that were not followed in the process of Arciniega's termination, including a rule requiring notice of final termination to be hand-delivered or sent by registered or certified mail. Lujan testified Arciniega signed the green card acknowledging receipt of the certified mail on August 10, 2013. A copy of the green card was admitted as evidence. Lujan also identified her handwritten notes that she kept regarding Arciniega's termination which were also admitted into evidence. The notes contained the following entry:

> 8/2 @ 9:41  Called PJ [Arciniega] & notified him that Termination is forthcoming effective 8/2/13.

At the end of Lujan's testimony, the City's attorney asked that Lujan not be excused in case she was needed for rebuttal, and the court announced a fifteen minute recess. After the recess, the City's attorney stated he rested subject to rebuttal.

Arciniega's attorney called Arciniega as a witness. Arciniega testified he did not speak with Lujan on August 2, 2013; however, he received a voice mail message from her stating formal documentation was being forwarded to him. Arciniega testified he later received the notice of final termination and did not have any reason to disagree that he received it on August 10, 2013,

as evidenced by the green card.[4] Arciniega testified Lujan's handwritten note regarding the August 2, 2013 telephone call was not accurate, and he was not notified by anyone that he was terminated before August 10, 2013. On cross-examination, Arciniega admitted the affidavit he provided in response to the City's plea stated, "On Friday, August 2, 2013, I received a brief telephone call from Claudia Lujan informing me that she was mailing a formal document to me." The affidavit further stated, "She did not inform me that a decision had been made to terminate my employment in that brief telephone call." Arciniega conceded the affidavit did not refer to a voice mail message.

After Arciniega left the witness stand, the trial court ruled the plea to the jurisdiction was denied. The trial court asked the attorneys if they had an order, and Arciniega's attorney provided the court with an order. The trial court then asked the attorneys if the court reporter needed to keep the exhibits, and both attorneys responded that she did. In response to a question by the City's attorney about whether the trial court would provide findings of fact and conclusions of law, the trial judge told the attorney he would need to make a formal request, and she would abide by the rules.

After the City timely filed its notice of appeal, it filed a motion in this court requesting this court to extend the time period for the trial court to file findings of fact and conclusions of law. This court granted the motion but noted the trial court was not required to file findings of fact and conclusions of law. *See* TEX. R. APP. P. 28.1(c). The trial court did not file any findings of fact and conclusions of law during the extended time period.

---

[4] Although Arciniega's response to the City's plea asserted he received notice on August 5, 2013 at the earliest, Arciniega's attorney had not seen the green card documenting the date of Arciniega's receipt of the termination letter until the City introduced it as evidence at the hearing.

## 180-DAY FILING REQUIREMENT

An administrative complaint alleging an unlawful employment practice must be filed with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LAB. CODE ANN. § 21.202(a). The 180-day period "begins when the employee is informed of the allegedly discriminatory employment decision." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996). The 180-day deadline "is mandatory and jurisdictional." *Id*. at 492.

## STANDARD OF REVIEW

A trial court "must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). "Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo*." *Id*. "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues."[5] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

"[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. If the evidence raises a fact issue regarding the jurisdictional issue in a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action, "the trial court cannot grant the plea to the

---

[5] Although Arciniega contends the City only challenged his pleadings, not the jurisdictional facts, the record clearly establishes the City challenged the jurisdictional facts. Furthermore, the Texas Supreme Court has expressly "disapprove[d] of courts of appeals' holdings that require a party to allege that pleadings, other than the jurisdictional amount, are fraudulent in order for the trial court to consider evidence, when otherwise necessary, of whether it has jurisdiction over a case." *Miranda*, 133 S.W.3d at 224 n.4.

jurisdiction, and the fact issue will be resolved by the fact finder." *Id*. at 227–28. "[B]y reserving for the fact finder the resolution of disputed jurisdictional facts that implicate the merits of the claim or defense, we preserve the parties' right to present the merits of their case at trial." *Id*. at 228. Accordingly, when a defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction" and "the facts underlying the merits and subject matter jurisdiction are intertwined," a plaintiff is only required "to show that there is a disputed material fact regarding the jurisdictional issue." *Id*.

A different standard applies, however, when a jurisdictional issue is not intertwined with the merits of a plaintiff's claim. In that situation, "disputed fact issues are resolved by the court, not the jury." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015). Although the jurisdictional determination should be made as soon as practicable, the trial court "has discretion to defer the decision until the case has been more fully developed."[6] *Id*. "On review, we presume the trial court found the facts in a manner that supports its order." *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 394 (Tex. App.—San Antonio 2017, no pet.). "On appeal, any fact findings made to resolve the jurisdictional issue may be challenged, as any other fact findings, for legal and factual sufficiency." *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.). "This includes implied fact findings if written findings and conclusions are not issued." *Id*. at 806-07.

As in any sufficiency review, the fact finder is "the sole judge[] of the credibility of the witnesses and the weight to give their testimony." *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). The fact finder "may choose to believe one witness and disbelieve another." *Id*. In reviewing evidence in the light most favorable to a ruling, we must presume the fact finder credited

---

[6] The judge assigned to preside over the trial also has "the discretion to reconsider the pretrial judge's interlocutory ruling [on a jurisdictional issue] but [is] not required to do so." *Id*. at 150.

testimony favorable to the ruling and disbelieved testimony contrary to it. *See id.* Where there are conflicts in the evidence, we must also presume the fact finder resolved all conflicts in accordance with the ruling. *Id.* at 820.

### DID THE JURISDICTIONAL FACTS IMPLICATE THE MERITS OF ARCINIEGA'S CLAIM?

The jurisdictional evidence in this case does not implicate the merits of Arciniega's case. The jurisdictional issue concerns the timing of Arciniega's filing with the TWC, whereas the merits concern whether the City discriminated against Arciniega. *See Poindexter*, 306 S.W.3d at 807–08. "Thus, the trial court was required to resolve the jurisdictional issue on the basis of facts that it found." *Id.*

### DID THE TRIAL COURT ERR IN DENYING THE CITY'S PLEA?

Although the City argues the trial court erroneously applied the legal standard applicable when the jurisdictional facts implicate the merits, nothing in the record supports this argument. After hearing the parties' positions as to the applicable legal standard and whether an evidentiary hearing was required, the trial court proceeded to conduct an evidentiary hearing as the City argued was necessary. Although the trial court did not enter findings of fact and conclusions of law, it was not required to do so. *See* TEX. R. APP. P. 28.1(c). Finally, during the hearing, an exchange between the trial court and the City's attorney demonstrated the trial court understood the question before it:

> [CITY'S ATTORNEY]: And, Your Honor, in response to that, as I indicated in our opening remarks, we could stipulate to all of that, and it wouldn't matter if we violated every rule in the book. If we told Mr. Arciniega that the decision to terminate him had been made on August 2nd, then that's the date that everything runs from.

> THE COURT: Right. So the City is basing their position in their plea on the telephone conference that the witness states she made on August 2nd saying that the termination was forthcoming?

[CITY'S ATTORNEY]: No, no, no. As the witness has testified, that she told the witness that he had been terminated effective that day and that the paperwork would be forthcoming.

THE COURT: Right, versus the certified receipt green card that shows that he received it on August 10th?

[CITY'S ATTORNEY]: He received it on August 10th.

THE COURT: Right, okay.

By denying the plea, the trial court impliedly found Arciniega timely filed his administrative complaint with the TWC. *See City of San Antonio*, 521 S.W.3d at 395 ("By denying the plea, the trial court impliedly found the City had timely received either formal or actual notice of Cervantes's claim."). Viewing the evidence in the light most favorable to the trial court's finding, Arciniega's testimony supported that finding. Thus, the trial court could have believed Arciniega's testimony that Lujan did not inform him (whether in a telephone call or a voice mail message) that he had been terminated but only that the paperwork or documentation was being mailed or forthcoming. Although Lujan's testimony and her handwritten notes conflicted with Arciniega's testimony, the trial court as the fact finder was the sole judge of the credibility of the witnesses and could resolve the conflicting evidence in favor of Arciniega. *See City of Keller*, 168 S.W.3d 819–20. Accordingly, the trial court did not err in denying the City's plea.

### DID THE TRIAL COURT RULE BEFORE THE PARTIES COMPLETED OFFERING EVIDENCE?

The City argues in the alternative that the trial court erred in ruling before the parties had completed offering evidence. In its brief, the City asserts the trial court "erred — indeed, it denied fundamental due process — by failing to hear all of the relevant evidence before resolving the jurisdictional issues." In a footnote, the City refers to the due process violation as not being afforded "an opportunity to present rebuttal evidence."

"[E]ven a complaint that a party's due process rights have been denied must be preserved by a proper objection or request." *In re R.L.L.*, No. 04-18-00240-CV, 2018 WL 6069866, at *3 (Tex. App.—San Antonio Nov. 21, 2018, pet. denied) (mem. op.). Here, the record does not reflect the City objected to not being able to present additional evidence or requested that it be permitted to do so. And, the record reflects the City was given the opportunity to make such an objection or request during the discussion that followed the trial court's ruling. Accordingly, the City did not preserve its alternative argument for our review. *See id.*; TEX. R. APP. P. 33.1(a) (setting forth general preservation requirements). Furthermore, even if the City had preserved its complaint, the City has not shown how the additional evidence, presumably Lujan's rebuttal testimony, would have convinced the trial court to believe Lujan's testimony and disbelieve Arciniega's testimony.

## CONCLUSION

The trial court's order is affirmed.

Irene Rios, Justice