**Opinion issued February 27, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00671-CV

_____

**DAWN JONES, Appellant**

**V.**

**THE BOARD OF TRUSTEES OF THE GALVESTON WHARVES ALSO KNOWN AS THE PORT OF GALVESTON, Appellee**

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Case No. 19-CV-0936

# O P I N I O N

Dawn Jones appeals from the trial court's judgment dismissing her personal-injury claim against the Board of Trustees of the Galveston Wharves, also known as the Port for Galveston, for lack of subject-matter jurisdiction. We affirm.

# BACKGROUND

After disembarking from a ship on September 29, 2018, Jones slipped and fell in the Port's terminal. Roughly eight months afterward, she sued the Port alleging that she had injured her knee in the fall and that the Port was liable because it had negligently allowed water to pool in the terminal. She alleged personal-injury damages in excess of $100,000.

The Port filed a plea to the jurisdiction. It asserted that the trial court lacked jurisdiction because Jones did not give notice of her personal-injury claim within six months as required by the Tort Claims Act. Jones's written notice of her claim, dated April 10, 2019, was an exhibit to the Port's plea. In this notice, Jones alleged that she was still receiving treatment for her injury and that she was scheduled to have surgery in the near future.

Jones contested the jurisdictional plea on the ground that the Port had actual notice of her claim within a day of the accident. She argued that a report prepared by one of the Port's police officers documented that her knee and foot appeared red after the fall and that he had been dispatched to provide medical assistance, thereby giving the Port actual notice of Jones's injury.

Jones included the officer's report as an exhibit to her response to the plea. The report, entitled "Incident/Investigation Report," states:

> This officer, J. Collins 151, was dispatched to POG Terminal 1 in reference to documenting a slip and fall incident. No injuries were

reported. Response was delayed due to weather and high water. On arrival the victim had already left the terminal, however Terminal Security had her information. I called her by phone and she informed me she was walking from the debark escalator to the inside of the terminal and slipped in the water on the floor. [S]he stated she was not injured and did not need EMS. Terminal Security told me she saw a red area on victim[']s right knee and foot. Victim stated she was now on her way home and thanked me for the call.

Terminal personnel on scene advised this area flood[s] when it rains.

The trial court granted the Port's jurisdictional plea and dismissed Jones's suit for lack of jurisdiction. Jones appeals.

## DISCUSSION

It is undisputed that the Port is a governmental unit that is subject to suit solely to the extent that the Tort Claims Act waives its governmental immunity. It likewise is undisputed that Jones's April 10, 2019 formal notice of claim was untimely. The sole issue before the court is whether the Port had actual notice of Jones's claim.

### Standard of Review and Applicable Law

Under the Tort Claims Act, a governmental unit is entitled to receive a notice of claim not later than six months after the day of the incident giving rise to the claim. TEX. CIV. PRAC. & REM. CODE § 101.101(a). The notice must reasonably describe the claimed injury, the time and place of the incident, and the incident. *Id.* This formal notice of claim is not required when the governmental unit already has actual notice that the claimant has received some injury. *Id.* § 101.101(c). But one

3

of these forms of notice—formal or actual—is required as a jurisdictional prerequisite to suit. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 77 (Tex. 2019).

To have actual notice, a governmental unit must have the same knowledge it is entitled to receive in a formal notice of claim. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018). Thus, among other things, the governmental unit must have subjective awareness of the claimed injury. *See id.* Potential or constructive notice is not enough. *Worsdale*, 578 S.W.3d at 65, 76. To have actual notice, the governmental unit not only must have knowledge of some injury but also information sufficient to identify the loss ultimately alleged. *Id.* at 71. If a governmental unit investigates an accident, whether the information acquired imparted actual notice depends on the particular facts. *Tenorio*, 543 S.W.3d at 776. But a governmental unit's investigation of an accident as part of its routine safety procedures is not enough, standing alone, to show actual notice. *Id.* at 776, 779.

Because notice is a prerequisite to jurisdiction, we review this issue de novo. *Worsdale*, 578 S.W.3d at 66, 76. If the evidence of actual notice is disputed, then it presents a question of fact. *Id.*; *Tenorio*, 543 S.W3d at 776. When a jurisdictional fact issue is intertwined with the merits, the trial court cannot grant the plea. *Worsdale*, 578 S.W.3d at 66. If the fact issue is not intertwined with the merits, then we must defer to the trial court's express or implied factual findings so long as they are supported by sufficient evidence. *Id.* Often, however, we can decide as a matter

of law whether a governmental unit had actual notice, even when the governmental unit's subjective awareness turns on circumstantial evidence. *Id.* If the evidence is undisputed, then it presents a question of law. *Tenorio*, 543 S.W3d at 776.

**Analysis**

The lone evidence as to actual notice is the investigative report prepared by one of the Port's police officers. The facts stated in the report are not disputed.

According to the report, Jones slipped and fell due to the presence of water in the terminal. A security guard in the terminal informed the investigating officer that Jones's right knee and foot were red in appearance afterward. But when the investigating officer contacted Jones, Jones told the officer that she was ambulatory, was not injured, and did not need medical assistance.

On this spare record, we hold that the officer's investigation did not provide the Port with actual notice of Jones's claim as a matter of law. Standing alone, the fact that Jones's fall was investigated does not establish notice. *Tenorio*, 543 S.W.3d at 776, 779. The investigation did not make the Port subjectively aware that Jones had been injured, let alone give the Port information sufficient to identify the loss that she eventually asserted in her lawsuit. Jones affirmatively disclaimed injury. The investigation showed no more than that Jones fell, got back to her feet and departed, disavowed any injury, and declined medical assistance. That's not enough to give the Port actual notice of an injury. As the Supreme Court has observed, "mere

5

knowledge that something happened somewhere to someone" does not satisfy the Tort Claims Act's actual-notice requirement. *Worsdale*, 578 S.W.3d at 72.

The Port contends that Jones's suit resembles *City of San Antonio v. Cervantes*, 521 S.W.3d 390 (Tex. App.—San Antonio 2017, no pet.), and, to an extent, we agree. That suit arose out of an automobile collision in which a city police officer in a city-owned vehicle struck the plaintiff's vehicle. *Id.* at 392. Two accident reports were prepared; both reported that no injuries had been sustained. *Id.* at 395. The plaintiff testified that a city police department supervisor at the scene asked if he was injured; the plaintiff responded, "Yeah, I'm kind of shaken up; but, I mean, I think I'm okay." *Id.* at 396. The plaintiff's own supervisor also asked if the plaintiff had been hurt; the plaintiff responded, "Man, I'm feeling kind of numb; but I'm all right, I guess." *Id.* The evidence was mixed as to whether the plaintiff affirmatively denied injury. The plaintiff testified that he had not done so; his supervisor contradicted him. *Id.* at 395–96. The plaintiff contended that his statements that he was "kind of shaken up" and "feeling numb" established that the city had actual notice that he had been injured in the accident. *Id.* at 396. The court of appeals disagreed, reasoning that being "shaken up" or "numb" is a natural consequence of being in any automobile accident and thus, standing alone, did not provide actual notice of an injury. *Id.* When considered in the context of the plaintiff's additional statements that he was "all right" and "okay," which conveyed a lack of injury, the

6

court of appeals held that there was no evidence that the city was subjectively aware that the plaintiff had been injured in the accident. *Id.* at 396–97. The notation in the accident reports that no injuries had been sustained confirmed the city's lack of subjective awareness that the plaintiff was injured or claiming injury. *Id.* at 396.

Similar to the accident reports in *Cervantes*, the investigative report concerning Jones's accident states that no injuries were reported, which indicates that the Port lacked subjective awareness that Jones was injured or claiming injury as a result of her fall. The report further states that Jones said she was not injured, and there is no evidence to the contrary.

Jones's suit arguably does differ from *Cervantes* in one respect. In *Cervantes*, the court of appeals noted that the record contained no evidence of visible injury. *Id.* at 397. Jones's knee and foot, however, reportedly were visibly red in appearance after she fell. Under different circumstances, reddening of the skin might be evidence of visible injury, which, in turn, could show subjective awareness of an injury. But just as being "shaken up" or "numb" is a natural result of being in any automobile accident, reddening of the skin is a natural result of any fall or impact, including those in which no injury is sustained or claimed. When, as here, reddening of the skin is accompanied by an unequivocal disavowal of injury and no circumstances suggest a subjective awareness that an injury has occurred, it does not give a governmental unit, like the Port, actual notice of an injury or claim. To hold

7

otherwise would effectively charge governmental units with subjective awareness of an injury anytime someone slips and falls on their property. That is not consistent with a standard that requires actual, as opposed to potential or constructive, notice. *See Renard v. Park Ten Mun. Util. Dist.*, 794 S.W.2d 956, 958–59 (Tex. App.—Houston [1st Dist.] 1990, no writ) (municipal utility district's knowledge of automobile accident was not evidence that it knew plaintiff was injured in accident).

The record contains no evidence that the Port was subjectively aware that Jones was injured or claimed to be injured. We thus hold that the undisputed evidence conclusively proves that the Port lacked actual notice of Jones's claim. The trial court consequently lacked subject-matter jurisdiction over this lawsuit and did not err in granting the Port's jurisdictional plea and dismissing Jones's suit.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.