

NUMBER 13-22-00165-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

SHARYLAND ISD, **Appellant,**

**v.**

OSCAR ALVAREZ AND
MARC ALVAREZ, **Appellees.**

On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Peña**

Appellees Oscar and Marc Alvarez filed a negligence suit against appellant Sharyland Independent School District (Sharyland) relating to a traffic accident involving a Sharyland school bus. Sharyland filed a plea to the jurisdiction alleging that the

Alvarezes failed to comply with the notice requirement of the Texas Tort Claims Act (TTCA), which is a jurisdictional prerequisite to a suit against a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101. Sharyland appeals the trial court's order denying the plea, arguing that it did not receive formal or actual notice of the Alvarezes' claims. We affirm.[1]

## I.   BACKGROUND[2]

On March 19, 2019, Sharyland employee Ignacio Perez was transporting students and faculty by bus to a trumpet recital in McAllen, Texas. As he approached an intersection on a two-lane road, the driver of the third vehicle in front of Perez stopped to turn left, causing the trailing vehicles to come to a sudden stop. Perez braked but, sensing that he would still collide with the vehicle in front of him, he drove the bus partially into the oncoming lane of traffic. Meanwhile, Marc was driving a vehicle through the intersection of the oncoming lane, with his father Oscar as a passenger. To avoid colliding with the school bus, Marc swerved to the side of the road, scraping the vehicle against the guardrail. Perez did not stop, and he continued to drive the bus to the intended destination.

Humberto Resendez, a McAllen police officer, arrived to investigate the accident. Officer Resendez called a Sharyland transportation dispatcher to direct the driver of the bus to return to the scene "so that the driver would not be charged with hit and run."[3] He

---

[1] The Alvarezes have not filed an appellee's brief to assist the Court.

[2] The following undisputed facts are derived from the jurisdictional record.

[3] It is not clear from the record whether Perez returned to the accident site. The crash report identified the passengers of the bus, indicating that he might have. Nevertheless, this fact is not pertinent to our decision.

2

then completed his investigation and issued a Texas Peace Officer Crash Report (crash report). In the crash report, Officer Resendez states that Perez "failed to give half of the roadway as he attempted to pass two vehicles to the left that were stopped in front of him to avoid a collision." Officer Resendez then says that the vehicle driven by Marc "struck a guardrail at [the] location after he swerved to avoid colliding with [the bus] in his lane of travel." Officer Resendez reported that Oscar had a possible injury but that he refused medical treatment. He reported no other injuries. Officer Resendez noted damage to the right side of Marc's vehicle. Marc was able to drive the car from the scene.

On March 18, 2021, the Alvarezes sued Sharyland[4] for negligence, seeking personal injury and property damages. Sharyland answered and later filed a plea to the jurisdiction, arguing that the Alvarezes did not provide formal notice of their claim within six months of the incident as required by the TTCA. *See id.* § 101.101(a). Sharyland further argued that the crash report did not provide actual notice of the claim because it reported only a "possible" injury to Oscar, who refused treatment at the scene. *See id.* § 101.101(c).

The Alvarezes filed a response to Sharyland's plea, maintaining that Sharyland had actual notice of personal injury, property damage, Sharyland's alleged fault, and the identity of the parties involved. The Alvarezes attached the following evidence to their response: (1) the crash report; (2) Sharyland's discovery responses; (3) Perez's employee incident report; (4) a statement from a Sharyland faculty member; (5) a statement from a Sharyland transportation dispatcher; and (6) a Sharyland accident report. In its discovery responses, Sharyland admitted that it received a copy of the crash

---

[4] Initially, the Alvarezes also sued Perez, but their live pleading does not name him as a defendant.

3

report and that it was otherwise "made aware of the incident made the basis of this lawsuit" within six months of its occurrence.

After a hearing, the trial court denied the plea to the jurisdiction. Sharyland now appeals. *See id.* § 51.014(a)(8).

## II. DISCUSSION

### A. Standard of Review & Applicable Law

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, as they are here, our review is de novo. *Id.*; *see Reyes v. Jefferson County*, 601 S.W.3d 795, 798 (Tex. 2020) (per curiam) ("Notice is a prerequisite to subject-matter jurisdiction under the TTCA, and as such, presents a question of law we review de novo."); *Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019) ("Because the jurisdictional evidence is undisputed, we review the actual-notice issue de novo.").

Governmental immunity deprives a trial court of jurisdiction over lawsuits in which a political subdivision, such as Sharyland, has been sued unless immunity is waived by the Legislature. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). The TTCA provides a waiver of immunity for acts of negligence arising out of a governmental employee's negligent operation or use of a motor vehicle. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). "To secure the TTCA's limited waiver of governmental

4

immunity, claimants must timely provide notice of a claim to the governmental unit." *Reyes*, 601 S.W.3d at 797 (internal quotations omitted). "A governmental unit is entitled to receive notice of a claim against it under [the TTCA] not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). This notice must reasonably describe: "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id.* However, formal notice is not required by the TTCA if the governmental unit has actual notice. *Id.* § 101.101(c) ("The notice requirements . . . do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.").

A governmental unit has actual notice when it has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Reyes*, 601 S.W.3d at 798 (quoting *Cathey v. Booth*, 900 S.W.3d 339, 341 (Tex. 1995)). To establish knowledge of an injury, it is not necessary that the governmental entity be absolutely certain of the nature and extent of the injury. *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 396 (Tex. App.—San Antonio 2017, no pet.). However, the governmental entity must have actual, subjective awareness that a claimant has suffered some injury. *Id.*

The second requirement is satisfied when the governmental unit has "subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted." *Worsdale*, 578 S.W.3d at 65. "Fault, as it pertains to actual notice, is not synonymous with liability; rather, it implies

5

responsibility for the injury claimed." *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Estate of Arancibia*, 324 S.W.3d 544, 550 (Tex. 2010); *see Worsdale*, 578 S.W.3d at 68 ("The critical inquiry is the governmental unit's actual anticipation of an alleged claim rather than subjective confirmation of its actual liability."). "When the facts do not even *imply* the governmental unit's fault, they are legally insufficient to provide actual notice." *Worsdale*, 578 S.W.3d at 64.

## B.    Analysis

The Alvarezes did not produce evidence that they provided formal notice to Sharyland within six months of the accident. Rather, they contended that the evidence showed actual notice. On appeal, Sharyland argues that it did not have actual notice of the Alvarezes' claims because its employee statements are silent as to fault and the crash report is silent as to injuries and damages. We disagree. When read together, the statements and the crash report establish each required element of actual notice.

A contemporaneous statement of a Sharyland employee on the bus described Perez driving into the oncoming traffic lane, forcing another vehicle to veer against the guard rail and "scrape against the entirety of the length of the railing, narrowly avoiding contact with the bus." Further, a Sharyland dispatcher learned that Perez had engaged in a possible "hit and run." The crash report corroborates the witness accounts, and contrary to Sharyland's assertion, includes notice as to injuries and property damage. Officer Resendez concluded that Perez's failure to give half the roadway was a factor causing the accident. He identified a possible injury to Oscar and noted damage to the vehicle's right side. He also identified the Alvarezes as the occupants of the vehicle.

Thus, it is undisputed that Sharyland had notice, within six months of the accident, of: (1) personal injury[5] and property damage; (2) its employee's alleged fault producing or contributing to the injury and property damage; and (3) the identity of the parties involved. *See Reyes*, 601 S.W.3d at 798. We conclude that Sharyland received actual notice pursuant to § 101.101(c), and the Alvarezes were excused from providing formal notice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c); *Reyes*, 601 S.W.3d at 798; *see also Worsdale*, 578 S.W.3d at 66–67 (holding that the City of Killeen had actual notice under the TTCA and explaining that "[w]ell within [§] 101.101's six-month notice deadline, the City knew of allegations that it was responsible for maintaining a road and that the failure to maintain the road had been identified as a contributing factor to the injuries that provide the basis for this lawsuit"). Accordingly, the trial court did not err in denying Sharyland's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226. We overrule its sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA
Justice

Delivered and filed on the
6th day of April, 2023.

---

[5] Sharyland does not support, with argument or authority, its conclusory statement that a peace officer's notation of a *possible* personal injury is insufficient for purposes of actual notice of injury under the TTCA. *See* TEX. R. APP. P. 38.1(i). At any rate, we find the argument unavailing. *See City of San Antonio v. Cervantes*, 521 S.W.3d 390, 396 (Tex. App.—San Antonio 2017, no pet.) (explaining that a governmental entity need not be absolutely certain as to the nature and extent of a claimed injury to have actual notice under the TTCA); *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 860–61 (Tex. App.—Fort Worth 2010, pet. denied) (rejecting the City's argument that it must have actual notice of the nature and extent of the claimants' injuries under the TTCA, explaining, "all that is required is enough information for the City to investigate for the purpose of guarding against unfounded claims, settle claims, and prepare for trial").