

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00122-CV

Erica Lee **CASTILLO**, Individually and as next Friend of Jesus Rodriguez,
Appellant

v.

The **CITY OF SAN ANTONIO**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI05166
Honorable Nicole Garza, Judge Presiding

Opinion by: Velia J. Meza, Justice

Sitting: Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: January 28, 2026

AFFIRMED

Erica Lee Castillo appeals the trial court's dismissal of her personal injury suit against the City of San Antonio. The City filed a plea to the jurisdiction based on Castillo's failure to provide timely notice of her claims under the Texas Tort Claims Act. The trial court granted the plea.

On appeal, Castillo concedes she failed to provide formal notice but argues the City had actual notice of her claims through various crash reports. Because the crash reports do not show the City had actual notice, we affirm the dismissal of Castillo's suit.

## BACKGROUND

On August 1, 2023, San Antonio Police Detective Benjamin Garcia was covertly surveilling a target from the side of a roadway. When Detective Garcia pulled onto the roadway to improve his view, he struck Castillo's passing vehicle.

The crash reports generated by SAPD noted that both vehicles sustained "very minor damage." The reports also indicated that Castillo and her son, who was a passenger in the car, told officers they were uninjured.

Castillo subsequently sued the City for personal injuries sustained by her and her son as a result of the crash.[1] The City filed a plea to the jurisdiction based on lack of notice under section 101.101 of the Texas Tort Claims Act (the TTCA). The City argued Castillo provided no notice to the City and that the SAPD crash reports did not constitute actual notice. Castillo responded that she provided timely written notice by mail and fax, and, alternatively, the SAPD crash reports provided actual notice of the City's fault. The City countered by pointing out that the Castillo's letter was sent to a mailing address corresponding to Via Metropolitan Transit—a separate entity from the City—and filed affidavits from City employees stating that the fax number used by Castillo was not owned by the City.

After a non-evidentiary hearing, the trial court granted the plea and signed a final judgment dismissing Castillo's claims against the City. This appeal followed.

## DISCUSSION

Castillo concedes in her briefing that she failed to provide timely notice of her claims to the City. She instead relies upon the actual notice theory she urged in her response to the City's plea to the jurisdiction.

---

[1] Castillo initially sued Detective Garcia and Enterprise Rental Company but later nonsuited them to pursue the City.

## 1    Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo.[2] *Tex. Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280 (Tex. 2023). A plea to the jurisdiction is a procedural device for challenging subject-matter jurisdiction without reference to the merits of the underlying claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). There are two types of pleas to the jurisdiction: (1) those that challenge pleadings and (2) those that challenge facts. *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022).

The City's plea challenged the existence of jurisdictional facts and mirrors a motion for summary judgment. In this context, the governmental entity has the initial burden to show that the trial court lacks jurisdiction. *Pope*, 674 S.W.3d at 281. If the plea shows that the trial court lacks jurisdiction as a matter of law, the nonmovant must then show that a genuine issue of material fact exists as to jurisdiction to avoid dismissal. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If there is a genuine issue of material fact, the trial court then weighs the evidence and determines whether it has jurisdiction. If the jurisdictional facts are intertwined with the merits, the plea must be denied. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019). On appeal, we defer to the trial court's express or implied factual determinations that are supported by the evidence. *Id*.

## 2    Notice Under the Texas Tort Claims Act

The TTCA waives governmental immunity from suit for certain tort claims, provided the claimant gives notice of the claim within six months of the incident. *See* TEX. CIV. PRAC. & REM. CODE § 101.101(a). This notice is a jurisdictional prerequisite to suit. TEX. GOV'T CODE § 311.034;

---

[2] De novo review means we accord the trial court's ruling no deference on appeal. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)

*Worsdale*, 578 S.W.3d at 77. However, a city charter may establish a shorter notice period. *See* TEX. CIV. PRAC. & REM. CODE § 101.101(b) (ratifying and approving city charters that require notice "within a charter period permitted by law"). The City of San Antonio's charter requires written notice of a personal injury claim within ninety days. SAN ANTONIO, TEX., CITY CHARTER, art. XII, § 150 (2023).

Nonetheless, formal written notice is not required if the governmental entity "has *actual notice* that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX. CIV. PRAC. & REM. CODE § 101.101(c) (emphasis added). Castillo concedes she did not provide timely written notice in accordance with the charter; therefore, jurisdiction turns on whether the City had actual notice of her claims.

## 2.1 Actual Notice

"Actual notice" under the TTCA means that the governmental entity has "subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted" in the lawsuit. *Worsdale*, 578 S.W.3d at 68.

Castillo relies on crash reports generated by SAPD to show actual notice. Specifically, she points to a report stating that Detective Garcia "pulled … out into the main lanes of the roadway striking [Castillo's vehicle]." However, that same report states that both vehicles "sustained very minor damage" and there "were no reported injuries." The investigating officer for the incident, Sergeant Kristopher Newman, wrote that he spoke to Castillo and her son, both of whom "stated they did not sustain any injuries from the crash." Other reports show entries by SAPD staff repeating that "there were no injuries" and that Detective Garcia "did not see the vehicle in time to avoid the crash." One such report indicates that, in Sergeant Newman's opinion, less than $1,000 in damage occurred to any one person's property.

We agree the reports demonstrate the City's subjective awareness of property damage to Castillo's vehicle. However, notice of property damage does not constitute notice of a personal injury claim. *See City of San Antonio v. Cervantes*, 521 S.W.3d 390, 397 (Tex. App.—San Antonio 2017, no pet.) (rejecting argument that notice of property damage was sufficient to provide notice of personal injury claim under the TTCA). Nothing in the reports indicates the City had subjective awareness of *personal injury* in the manner ultimately alleged in Castillo's petition. *Cf. Worsdale*, 578 S.W.3d at 77 (concluding "the City knew its investigators had concluded that the condition of a road under its putative jurisdiction contributed to the deaths of two travelers" which was "precisely what the relatives allege in the underlying lawsuit").

Having considered the undisputed evidence provided by both parties, we conclude as a matter of law that the City neither received formal written notice nor had actual notice under the TTCA of Castillo's personal injury claims. Because jurisdictional prerequisites to suit were not satisfied, the trial court lacked subject-matter jurisdiction and properly granted the plea to the jurisdiction.

## CONCLUSION

The trial court's judgment dismissing Castillo's claims against the City is affirmed.

Velia J. Meza, Justice