

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00050-CV

JEFFERY OSWALT AND TAYLOR OSWALT, APPELLANTS

V.

HALE COUNTY, TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A43140-2001, Honorable Danah L. Zirpoli, Presiding

January 10, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Jeffery and Taylor Oswalt sued Hale County, Texas, for personal injury and property damages sustained as a result of an automobile accident between the Oswalts and Hale County Deputy Sheriff Alvaro Gonzalez. Hale County filed a plea to the jurisdiction asserting that it lacked actual notice and that the Oswalts did not provide timely formal notice as required by the Texas Tort Claims Act's limited waiver of sovereign immunity. After holding a hearing, the trial court granted the plea as to the personal injury

claims but denied it on the property claim.  The Oswalts and Hale County both appealed.  We affirm the trial court's order.

## Factual and Procedural Background

On June 7, 2019, the Oswalts, who are father and daughter, were driving a pickup truck that was pulling a trailer on the access road of Interstate 27.  Hale County Deputy Sheriff Gonzalez drove a county-owned vehicle to an intersection with a stop sign.  Because Gonzalez did not see the Oswalts, he collided with the right fender of the trailer they were pulling, damaging the trailer's fender.  The accident did not damage the truck and no one indicated that they were injured at the scene.  Gonzalez took pictures of the damage to the trailer.  The Oswalts had purchased the trailer but had not completed registering it in Jeffery's name.  Because the registration process was not complete, the Texas Department of Public Safety (DPS) accident report indicated that the trailer belonged to Brac McKinney.

In response to the Oswalts' suit, Hale County filed a plea to the jurisdiction alleging that the Oswalts failed to provide timely notice of their claims as required by the Tort Claims Act and that it did not have actual notice of any personal injury resulting from the accident or any property damage suffered by the Oswalts.  After a hearing on Hale County's plea, the trial court issued an order granting the plea as to the Oswalts' personal injury claims but denying the plea as to the Oswalts' property damage claim.  It is from this order that both parties appeal.[1]

---

[1] We have express statutory jurisdiction to consider this interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (authorizing interlocutory appeal of order granting or denying plea to the jurisdiction by a governmental unit).

2

The Oswalts present two issues by their appeal. By their first issue, they contend that Hale County had actual knowledge of their property damage and that this knowledge was sufficient to satisfy the requirements of section 101.101(c) of the Texas Civil Practice and Remedies Code. Their second issue contends that, if the Court determines there is a dispute regarding ownership of the trailer, that dispute is a fact issue that should be submitted to the finder of fact. Hale County contends, by its sole issue, that the trial court erred in denying its plea to the jurisdiction on the Oswalts' property damage claim.

## Standard of Review

Governmental units are generally immune from suits for damages unless the legislature has waived immunity. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010). When a plaintiff brings suit against a governmental entity, the plaintiff bears the burden to affirmatively establish the trial court's jurisdiction by asserting a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Because immunity from suit defeats a trial court's subject matter jurisdiction, it may be raised in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). In determining whether the plaintiff has met its burden, courts consider the facts alleged by the plaintiff and, if relevant to the jurisdictional issue, the evidence submitted by the parties. *Id.* at 226-27.

The Texas Tort Claims Act (TTCA) waives immunity from suit for negligent acts in certain circumstances, including property damage and personal injury arising from the

3

operation or use of a motor-driven vehicle. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.[2]

However, for this waiver of immunity to apply, the plaintiff must comply with notice requirements set out in section 101.101 of the Texas Civil Practice and Remedies Code. The plaintiff must notify the governmental entity of the claim within six months after the day the incident giving rise to the claim occurred. § 101.101(a). This formal notice is not required, however, "if the governmental unit has actual notice . . . that the claimant has received some injury, or that the claimant's property has been damaged." § 101.101(c).

Actual notice to a governmental unit requires knowledge of injury or property damage, the governmental unit's alleged fault in producing or contributing to the injury or property damage, and the identity of the parties involved. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). To have actual notice, the governmental unit must have the same information it would have had if the claimant had complied with the formal notice requirements. *Nat'l Sports & Spirit, Inc. v. Univ. of N. Tex.*, 117 S.W.3d 76, 80 (Tex. App.—Fort Worth 2003, no pet.). Mere notice that an accident occurred is not enough to establish actual notice under the TTCA. *Id.*

The purpose of the notice requirement is to ensure the prompt reporting of claims to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Cathey*, 900 S.W.2d at 341. "The notice required by section 101.101 is jurisdictional and is a condition of the Act's waiver of immunity from suit." *City of San Antonio v. Cervantes*, 521 S.W.3d 390, 393 (Tex. App.—San Antonio 2017, no pet.); *see* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites

---

[2] Further references to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section _" or "§ _."

4

to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Thus, in the absence of timely notice of a claim, a governmental entity retains its immunity from suit. *Cervantes*, 521 S.W.3d at 393-94 (citing *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537-38 (Tex. 2010) (per curiam)).

Generally, adequate notice is a question of law which we review de novo. *See Miranda*, 133 S.W.3d at 226. However, when actual notice evidence is disputed, a fact issue arises. *Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019). When a jurisdictional fact issue is intertwined with the merits of a case, the court cannot grant the plea. *Id.* But "when the jurisdictional issue is not intertwined with the merits, we must defer to the trial court's express or implied factual determinations that are supported by sufficient evidence." *Id.* Issues of actual notice can often be determined as a matter of law, even when subjective awareness must be proved, if at all, by circumstantial evidence. *Id.*

The Oswalts' Claims for Personal Injuries

The Oswalts challenge the trial court's grant of Hale County's plea to the jurisdiction regarding the Oswalts' claims for personal injuries. The Oswalts contend, by their first issue, that Hale County had actual notice sufficient to meet the requirements of section 101.101.

The Oswalts concede that they failed to timely provide written notice of their claims to Hale County. *See* § 101.101(a). However, the Oswalts contend that Hale County was aware that the Oswalts sustained property damage from the accident and that this is sufficient notice under section 101.101(c). The Oswalts point to the language of

5

subsection 101.101(c) as being worded in the disjunctive: a governmental unit has actual notice if it knows "that the claimant has received some injury, *or* that the claimant's property has been damaged." *See* § 101.101(c) (emphasis added). They contend that Hale County's knowledge that they sustained property damage was sufficient actual notice to waive Hale County's immunity as to their personal injury claims.

The Oswalts do not dispute that neither indicated at the time of the accident that they sustained any injuries as a result of the accident. In fact, the first time the Oswalts indicated that they had sustained injuries in the accident was on December 11, 2019, when their attorney sent late written notice to Hale County regarding the Oswalts' claims. The record is clear that the Oswalts did not inform any agent of Hale County that they had sustained personal injuries prior to their written notice on December 11, 2019.

The trial court granted Hale County's plea to the jurisdiction as it relates to the Oswalts' personal injury claims. The present situation is substantially similar to the situation presented in *Cervantes*. Cervantes, a Bexar County Sheriff, was involved in an accident with a city police officer who failed to yield the right-of-way in a city-owned parking lot. *Cervantes*, 521 S.W.3d at 392. Accident reports prepared at the time of the accident noted that the Bexar County vehicle sustained damage but that no one was injured. *Id.* at 395. Cervantes filed suit against the city for personal injuries resulting from the accident. *Id.* at 392. However, he did not submit formal, written notice until nearly two years after the accident. *Id.* at 395. Consequently, he had to rely on the city's actual notice of his claim to meet the notice requirement of the statutory waiver of immunity. *Id.*; *see* § 101.101(c). The *Cervantes* court explained that, while it was not necessary that the city be absolutely certain of the nature and extent of Cervantes's injury, the city must

6

have been made aware that he in fact suffered some injury.  *Cervantes*, 521 S.W.3d at 396.  While the city could have ascertained more information as to its liability, the Texas Supreme Court has expressly rejected a duty of further inquiry in assessing actual notice. *Id.* (citing *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 346-47 (Tex. 2004)). Because the city did not know that Cervantes was claiming that he sustained physical injury as a result of the accident until well after the notice deadline, the *Cervantes* court concluded that the trial court erred in denying the city's plea to the jurisdiction.  *Id.* at 397.

Cervantes made the same argument advanced by the Oswalts concerning the fact that section 101.101 is worded disjunctively, requiring that the governmental unit have actual notice "that the claimant has received some injury[] or that the claimant's property has been damaged."  *Id.* at 397 (citing § 101.101(a), (c)).  As the *Cervantes* court points out, it is the *claim* about which the governmental unit is entitled to notice and the claim in *Cervantes* as well as in the present case is a claim for personal injuries.  *Id.*  As such, actual notice of a claim for property damage does not equate to actual notice of personal injury.  *Id.*  Consequently, we conclude that Hale County did not have actual notice of the Oswalts' claims of personal injuries and, therefore, the trial court did not err in granting Hale County's plea to the jurisdiction as to these claims.

The Oswalts point to a different construction reached in *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 861 (Tex. App.—Fort Worth 2010, pet. denied).  In *Jenkins*, the court held that, even though formal notice had been provided by the plaintiffs, the city also had actual notice of plaintiffs' claims because the responding officer's crash report identified the occupants of the vehicle, provided a detailed description of the accident, and noted that the accident caused property damage to vehicles of at least $1,000.  *Id.*

at 861. The court noted that, although none of the plaintiffs indicated that they had sustained injuries at the scene of the accident, the crash report provided the same information that was required from formal notice and was sufficient proof of actual notice to invoke the trial court's jurisdiction over the plaintiffs' claims. *Id.*

We disagree with the *Jenkins* rationale. A governmental unit receiving notice that an accident occurred and that it might be at fault for property damage does not enable the governmental unit to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial relating to claims of personal injury. *See Cathey*, 900 S.W.2d at 341 (identifying the purpose of the notice requirements). Notice of an accident that causes property damage might put a governmental unit on notice that it should inquire further to assess whether any party to the accident also suffered physical injury. But, as previously mentioned, the Texas Supreme Court has expressly rejected a duty of further inquiry in assessing actual notice. *Cervantes*, 521 S.W.3d at 396 (citing *Simons*, 140 S.W.3d at 346-47). Consequently, we do not construe section 101.101(c) as requiring a governmental unit to inquire into the precise nature of a claimant's claim beyond the knowledge it already possesses.

Our construction is also guided by the rule of statutory construction that statutory waivers of sovereign immunity must be construed narrowly. S*ee Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The legislature's intent to waive immunity must be clear and unambiguous. *Id.* The construction advanced by the Oswalts, namely that notice that a claimant sustained property damage is sufficient notice of personal injury, is a very broad construction of the statute.

8

Further, since there is often a significant difference in terms of exposure to financial damages between a claim for property damage and personal injury, our construction of subsection 101.101(c) furthers the purposes of the notice requirement by allowing the governmental unit to more accurately assess its potential financial exposure to claims. *See Worsdale*, 578 S.W.3d at 77 ("Prompt notice alerts governmental units of the need to investigate claims, abate dangerous conditions, and make appropriate budgeting decisions.").

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting Hale County's plea to the jurisdiction as to the Oswalts' personal injury claims.

The Oswalts' Claim for Property Damage

By its appeal, Hale County challenges the trial court's denial of its plea to the jurisdiction regarding the Oswalts' claim for property damages. Hale County contends that the owner of the trailer that was damaged in the accident was identified in the DPS crash report as Brac McKinney, rather than as either of the Oswalts. Consequently, Hale County argues that it did not have actual notice that the Oswalts sustained property damage in the accident. By their second issue, the Oswalts contend that any dispute regarding ownership of the trailer presents a fact issue that must be submitted to the fact finder.

As discussed above, the Oswalts did not timely file formal, written notice of their claims. *See* § 101.101(a). Thus, the issue is whether Hale County had actual notice that the Oswalts had a claim for property damage resulting from the accident. *See*

§ 101.101(c).  Hale County contends that since the DPS crash report indicated that the owner of the trailer was McKinney, it did not have actual notice of any claim of property damage by the Oswalts.

"To have actual notice, a governmental unit must have the same knowledge it is entitled to receive under the written notice provisions of the TTCA."  *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018).  Hale County does not dispute its fault in causing the accident nor that property damage was sustained as a result.  Rather, Hale County's issue relates only to the identity of the owner of the trailer.  *See Cathey*, 900 S.W.2d at 341 (actual notice requires knowledge of injury or damage, the governmental unit's alleged fault in causing the injury, and the identity of the parties involved).

Hale County correctly indicates that the DPS crash report identifies the owner of the trailer that was damaged as being Brac McKinney.  However, Gonzalez testified by deposition that he caused the Oswalts to sustain property damage.  Further, Jeffery Oswalt made statements regarding attempts to register the trailer at the scene of the accident which is sufficient indicia of ownership of the trailer to put Hale County on notice that Jeffery Oswalt owns the trailer.  This conflict in the evidence puts the issue of ownership of the trailer in dispute.  When evidence of a governmental unit's actual notice is disputed, a question of fact arises and a court cannot grant a plea to the jurisdiction. *Worsdale*, 578 S.W.3d at 66.

Because a material fact issue remains regarding the Oswalts' property damage claim, the trial court properly denied Hale County's plea to the jurisdiction.

10

Conclusion

We affirm the trial court's order on Hale County's plea to the jurisdiction.


Judy C. Parker
Justice